UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,

vs.

VEDA PAUL and
JUANA DELGADO
d/b/a LA GUIRA RESTAURANT,
    Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants VEDA PAUL and JUANA DELGADO d/b/a LA GUIRA RESTAURANT (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.    Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, Florida and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to

determine whether the property has been made ADA compliant. His access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in the Complaint.

3.      Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4.      Defendant, VEDA PAUL, is an individual and transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owner and/or operator of the property, which is the subject of this action, located on or about 425 NW 12 Ave., Miami, FL 33128 (hereinafter the "Facility").

5.      Defendant, JUANA DELGADO, is an individual and transacts business in the State of Florida and within this judicial district.  Defendant is the owner and/or operator of the RESTAURANT known as LA GUIRA, which is the subject of this action, located on or about 425 NW 12 Ave., Miami, FL 33128 (hereinafter "Facility")

6.      The Facility is in an area frequently traveled by Plaintiff.

7.      The Defendants Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

8.      In this instance, Mr. Pinero visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants ADA violations set forth herein.

9.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

10.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

### FACTUAL ALLEGATIONS AND CLAIM

11.      Mr. Pinero has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

12. Mr. Pinero intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

13. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

14. Defendants have discriminated against Mr. Pinero by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Parking**

a) The built-up curb ramp is projecting into the access aisle creating a slope that exceeds the maximum allowance of 2.1% in any direction making it difficult for Plaintiff to traverse, in violation of sections 502.3, 502.4, and 302 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Route**

b)     The facility does not provide a compliant accessible route within site from the accessible parking spaces to the facility entrances they serve making it difficult for Plaintiff to traverse, violating sections 206.1 and 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### Entrance Doors

c)     The nail salon and restaurant entrance doors have thresholds that exceed the maximum requirement ¼ inch high allowance making it difficult for Plaintiff to enter and exit the facilities, violating sections 206.4, 404.2.5, and 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

d)     The nail salon, restaurant, and dollar discount store have entrance doors that do not provide the minimum requirement of 18 inches of latch side maneuvering clearance parallel to the doorway making it difficult for the Plaintiff to enter the facilities, violating sections 206.4 and 404.2.4.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### Symbols of Accessibility

e)     The entrances do not provide informational or directional signage with the International Symbol of Accessibility (ISA) making it difficult for the Plaintiff to identify the accessible entrance, in violation of sections 216.4.3, 216.6, and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### La Guira Restaurant

f)     The dining area does not provide a compliant accessible route with a minimum of 36 inches of clear width as required making it difficult for the plaintiff to traverse, in violation of sections 206.2.2 and 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

g)     The service counters exceed the maximum height requirement of 36 inches making it difficult for the plaintiff to access the goods and services, in violation of section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

h)     The countertop dining surface exceeds the maximum height requirement of 34 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

i)     The dining tables do not provide the required knee and toe clearance, making it difficult for the plaintiff to utilize, in violation of sections 902.4.1 and 306 of the 2010 ADA Standards, whose resolution is readily achievable.

### Public Restroom

j)     Where a toilet room is provided the toilet room shall comply with section 603 as required making it difficult for the plaintiff to utilize, in violation of section 213.2 of the 2010 ADA Standards, whose resolution is readily achievable.

k)     The storage elements are obstructing the required 60 inches of clear floor space perpendicular to the restroom doorway making it difficult for plaintiff to enter and exit the restroom, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

l)      The location of the water closet obstructs the clear floor space for a front approach to the lavatory making it difficult for the plaintiff to utilize, in violation of sections 606.2 and 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

m)     The lavatory's cabinet is obstructing the required knee and toe clearance making it difficult for the plaintiff to utilize, in violation of sections 606.2, 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

n)      The paper towel dispenser is mounted above the lavatory exceeding the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 606.1, 308.2.2, and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

o)      The water closet is not positioned in the compliant location 16 inches minimum and 18 inches maximum from the centerline of the water closet to the side wall which does not allow the plaintiff to safely transfer onto the seat, in violation of section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

p)      The water closet is missing the rear and side wall grab bars which does not allow the plaintiff to transfer safely onto the seat, in violation of sections 604.5.1 and 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

15.     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

16.     Mr. Pinero has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

17.     Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modifies the policies and practices to accommodate

individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

18.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

20.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

21.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are

completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation

expenses incurred in this action.


Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net

Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
(561) 571-0646
WassenbergL@gmail.com